ALBERTO GONZÁLEZ TORRES, Plaintiff and Appellant, *v.* JAMES M. JONES, WARDEN, Defendant and Appellee.

No. 11789. Argued March 1, 1956.—Decided March 28, 1956.

*Alberto González Torres* in *pro. per.* *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán* and *Ramón C. Ruiz Sánchez, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

The appellant was charged with and convicted of the subsequent offense of burglary in the first degree and sentenced to serve from fifteen to thirty years' imprisonment in the penitentiary. He subsequently filed a petition for Habeas Corpus challenging the judgment and alleging that he was unlawfully imprisoned. The writ was issued. The defendant answered and a hearing was held in the Superior Court, Arecibo Part. The petition was finally dismissed, and the petitioner appealed from the order of dismissal assigning several errors which we now proceed to consider.

In the first assignment he contends that the judgment rendered in the burglary proceeding is void because he was sentenced to a minimum of fifteen years, when § 56 of the Penal Code fixes a minimum sentence of ten years. In the second error he alleges that he could only be sentenced to ten years, since the Indeterminate Sentence Act applies only to those cases where a minimum and a maximum sentence is provided by law. Both assignments are devoid of merit. Section 56, *supra,* provides that "If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the penitentiary, for any term exceeding five years," which is the case as to burglary in the first degree "such person is punishable by imprisonment in the penitentiary not less than ten years." And § 1 of Act

No. 295, approved on April 10, 1946 (Sess. Laws, p. 758) as amended by Act No. 176 of May 4, 1949 (Sess. Laws, p. 552), reads in part as follows: ". . . when the courts sentence a person to serve a term for a felony not entailing life imprisonment, they shall pronounce an indeterminate sentence which shall not contain a specific time limit but in no case the commitment shall be less than the minimum term provided by law for the offense committed nor more than the maximum term indicated for said offense; *Provided, further,* That in the cases where the law does not provide for minimum or maximum terms, the trial court shall fix said minimum or maximum term." It is evident that the judgment challenged conforms to law. *People* v. *Rodríguez,* 69 P.R.R. 500; *Vázquez* v. *Rivera,* 70 P.R.R. 203.

In the third assignment appellant complains that he was not properly assisted by counsel. He alleged the same thing in the petition for habeas corpus, which allegation was denied by the respondent. Our examination of the record convinces us that he could not prove it, and that the conclusion of the trial court to the effect that "At the hearing of the case the defendant was duly represented by counsel," meaning the hearing of the subsequent offense of burglary in the first degree, was fully justified by the evidence.

The judgment rendered in the burglary proceeding is challenged in the petition for habeas corpus on the ground that the trial court which rendered it weighed the evidence erroneously. The trial court reached the following conclusion with respect to said question: "Petitioner alleges in his petition that the evidence introduced in this case is insufficient, but this is an irrelevant matter not to be considered in a Habeas Corpus proceeding." In the fourth assignment the appellant in effect complains of such conclusion. In our opinion the trial court did not commit the error assigned.

The order appealed from will be affirmed.

Mr. Justice Belaval dissented.